**Robert A. CRIDER, Petitioner,**

v.

**DISTRICT OF COLUMBIA BOARD OF APPEALS AND REVIEW, Respondent.**

No. 6213.

District of Columbia Court of Appeals.

Argued Oct. 19, 1972.

Decided Jan. 8, 1973.

Carleton U. Edwards, II, Washington, D. C., with whom Benjamin Greenspoon, Washington, D. C., was on the brief, for petitioner.

Earl A. Gershenow, Asst. Corp. Counsel, with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, were on the brief, for respondent.

Before REILLY, Chief Judge, and GALLAGHER and NEBEKER, Associate Judges.

REILLY, Chief Judge:

Petitioner, an officer in the Metropolitan Police Department, was involuntarily retired for a personality disorder—a disability found by the Police and Firemen's Retirement Relief Board after hearing to have been neither incurred nor aggravated by performance of duty within the meaning of D.C.Code 1967, § 4–527 (Supp. V, 1972). The officer appealed to the Board of Appeals and Review (the Board) which reversed the original disposition of the case in a decision holding that the disability was caused by injuries incurred in line of duty. The District Government, contending that this holding was erroneous as a matter of law in light of an intervening decision of this court, Johnson v. Board of Appeals and Review, D.C.App., 282 A.2d 566 (1971), moved for reconsideration. The Board then reversed itself, and upon remand by this court, made findings of fact and conclusions of law adverse to the officer. It is this second decision which is now before us on petition for review.

The testimony in the various administrative hearings is too voluminous to summarize in detail, consisting largely of psychiatric testimony relating to the mental condition which was termed disabling. According to the principal medical witnesses, the officer was a victim of a behavioral disorder antedating his appointment to the police force. They were of the opinion that his ultimate unfitness for duty was aggravated by mental tension incident to an infraction of regulations, resulting in

disciplinary proceedings and the imposition of a fine.

Suffice it to say, however, the record also shows petitioner was injured on three different occasions while he was on duty, each injury being severe enough to require immediate medical treatment. On the first two occasions, he was in a squad car involved in a collision with another vehicle. The third incident consisted of his being knocked down by a moving vehicle in crossing a street on foot while patrolling with a police dog.

On his first appeal, the Board noted that subsequent to the first two accidents, petitioner was bothered by chronic headaches and back pains, and that these ailments persisted after the third accident. While the major government witness, a psychiatrist, who testified with respect to the officer's ultimate disabling mental troubles, was of the view that these headaches were not organic and hence could not be attributed to concussion or spinal injuries suffered in the accidents, the Board observed that this witness expressly declined to rule out a possible causal connection. Emphasizing these aspects of the testimony, the Board, relying upon Blohm v. Tobriner, 122 U.S.App.D.C. 2, 350 F.2d 785 (1965), found that the evidence showing a lack of connection between the injuries suffered in performance of duty and the claimant's ultimate disabling condition was "neither persuasive nor [did] it preponderate in favor of the Government's position." This decision, accompanied by findings of fact and conclusions of law, was handed down on August 31, 1971.

In the second decision challenged here, the Board took our holding in *Johnson* and *Paxton*[1] to stand for the proposition that by the enactment of the second subsection to § 4–527 (*supra*) Congress had discarded the rule that a service-connected disability could be presumed the cause of the condition necessitating retirement in the absence of persuasive evidence to the contrary. We think the Board misinterpreted our opinion, for we held that the burden was upon the claimant to make a showing of duty-connected "aggravation" only "if original causation is obscure or concededly due to factors outside the service." In the instant case, however, there was evidence pointing to "original causation" being due to a series of injuries admittedly incurred in the performance of official duty, and according to the Board, a paucity of countervailing evidence disproving such an inference. In other words, there is a marked difference between the factual background here and the situation with which the Board was confronted in the *Johnson* and *Paxton* cases. There, the only causes cited for the ultimate disabling mental conditions were such matters as tension from riot duty, friction with superior officers, resentment over reprimands, domestic difficulties, and the like—factors which the Board properly held not to fall into the category of injuries or diseases incurred in line of duty or to have been aggravated by police service.

Accordingly, we deem the conclusions of law reached by the Board in its second decision as erroneous. This does not mean that the Board was compelled to make the findings it did on the first appeal, for there was substantial evidence in the record to support a contrary finding. As it is apparent, however, that its reversal of its original disposition of the matter was due to its misreading of our *Johnson* holding and that the record was not reopened for additional evidence after the Corporation Counsel sought reconsideration, the order of the Board on the second appeal is vacated, and the case remanded with instructions to reinstate the decision and order of August 31, 1971.

Reversed and remanded.

---

1. The *Paxton* case, consolidated for argument with *Johnson*, was also considered in our opinion in the latter. *See* Paxton v. Board of Appeals and Review, D.C. App., 282 A.2d 566 (1971).